THE FREEPORT WATER COMPANY

*v.*

THE CITY OF FREEPORT.

*Opinion filed June 21, 1900.*

MUNICIPAL CORPORATIONS—*right of city to reduce water rates—constitutional law.* The act of June 6, 1891, (Laws of 1891, p. 85,) empowering a city to fix reasonable water rates, is constitutional, and a city may, under its provisions, reasonably reduce, for future supply, water rates it has previously agreed to pay to a water company organized under the general Incorporation act notwithstanding its contract provides for a fixed rate for a period of thirty years, since a city cannot bind itself by such a contract. (*City of Danville* v. *Danville Water Co.* 178 Ill. 299, and 180 id. 235, followed.)

APPEAL from the Circuit Court of Stephenson county; the Hon. JAMES SHAW, Judge, presiding.

On the sixth of June, 1882, the city of Freeport, organized under the general law for the incorporation of cities and villages, passed an ordinance granting to one Nathan Shelton or his assigns the exclusive right, for the term of thirty years, of supplying the city and citizens thereof, by a system of water-works to be constructed as in said ordinance prescribed, with water, the terms and conditions of which ordinance were accepted by said Shelton on June 7, 1882, and by which the city agreed to pay during the full term of thirty years, to said Shelton or his assigns, an annual rental of $100 per annum for the first one hundred hydrants, and for all hydrants over one hundred and up to one hundred and fifty the sum of $80 per hydrant, and for all hydrants over one hundred and fifty an annual rental of $50 per hydrant, the rentals being payable semi-annually, on the 15th days of January and July of each year. The city is given the free use of water for flushing gutters and sewers, on notice to the person in charge of the water-works, free water for the fire department, for city hall and offices, for public schools and all churches of the city, and for four public fountains for drinking, only, and one fountain in the public square, should the city erect the same. On the eighth of August, 1882, Shelton sold and assigned all his rights under this ordinance to the plaintiff, and under it the plaintiff had, on and prior to January 1, 1896, constructed and placed one hundred and twenty-one hydrants, up to which time the city paid all rentals called for by the said ordinance. This suit was brought by the appellant in assumpsit, against the city, to recover the sum of $5840 alleged to be due it on the 15th day of July, 1896, for hydrant rentals from January 1 to July 1, 1896.

The plaintiff's declaration consisted of two special counts setting out the original ordinance *in hæc verba,* and a third containing the consolidated money counts.

The defendant filed two special pleas, by which it was alleged, in substance, that the rates fixed by the Shelton ordinance were and had remained, from the time of its enactment until the subsequent action of the city council, unjust, unreasonable and oppressive; that on the 10th day of February, 1896, the said ordinance being then in force and effect, the city council, by an ordinance then and there enacted, approved and published, re-adjusted and fixed such water rates so as to make the same just, reasonable and fair, and that said ordinance then became and was a legal and valid enactment of the defendant,— which amendatory ordinance is set out *in hæc verba*, and fixes the price for each hydrant at $50 per year, payable semi-annually, on the 15th days of July and January of each year; that since the date of its passage and publication the same has ever since been and now is in force, and that the water rates and charges therein fixed and stated are obligatory on plaintiff and are fair, just and reasonable, and that on the 10th day of July, 1896, the defendant paid to the plaintiff all sums of money due it, as fixed by the original ordinance, up to the 11th day of February, 1896, and all sums of money due plaintiff since the enactment of such subsequent ordinance, according to the rates therein fixed, up to July 1. To these pleas plaintiff demurred. The court overruled the demurrer to the pleas, and, plaintiff electing to stand by its demurrer, judgment was entered against it and in favor of the defendant for costs.

Appellant assigns as error, and insists, that the ordinance of February 10, 1896, and the statute of the State of Illinois on which said amendatory ordinance is based, being the act of June 6, 1891, in force July 1, 1891, are each in violation of section 10 of article 1 of the constitution of the United States, and of section 1 of article 14 of the amendments to said constitution, as impairing the obligation of contracts and in depriving appellant of its property without due process of law.

FRY & HYDE, for appellant.

DOUGLAS PATTISON, Corporation Counsel, and ROB-
ERT B. MITCHELL, City Attorney, (R. N. BOTSFORD, of
counsel,) for appellee.

Per CURIAM: It appears that the appellant is a cor-
poration organized under the general Incorporation law
of the State of Illinois. The precise questions presented
on this record arose in the cases of *City of Danville* v. *Dan-
ville Water Co.* 178 Ill. 299, and 180 id. 235, where it was held
that a corporation organized under the general Incorpo-
ration act agrees to submit itself to such regulations and
provisions as the legislature may deem it advisable to
make, under section 9 of said act, by which the right of
the legislature to regulate the rates at which water shall
be supplied to the public by a water company so organ-
ized is reserved; that the act of June 6, 1891, empowering
cities to fix reasonable water rates, is constitutional and
valid, notwithstanding the fact that the city had there-
tofore entered into a contract with a private corporation
by which the rentals for water had been fixed during the
period of the franchise; that the city has no power, by
virtue of the act of April 9, 1872, and section 1 of article
10 of the City and Village act, to bind itself to the pay-
ment of a fixed sum for an entire period of thirty years
in advance, but that the city might, under the act of
June 6, 1891, make a reasonable reduction for future sup-
ply. The demurrer to the pleas admits that the rates for
hydrant rentals to be paid to the appellant under the
amendatory ordinance of February 10 were reasonable
and just, and the cases just cited must be held conclusive
of this case.

The judgment of the circuit court of Stephenson county
is affirmed.                                        *Judgment affirmed.*